1

2

3

4

5

**FAULKNER LAW OFFICES, PLLC**
Elizabeth A. Faulkner
8687 East Via de Ventura, Suite 306
Scottsdale, Arizona 85258
Telephone: (480) 951-1110
Facsimile: (480) 951-1116
SBN 013212
E-mail:  elizabeth@faulknerlaw.net
*Attorneys for Plaintiff*

6

7

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE STATE OF ARIZONA

8

9

10

11

12

13

14

15

| | |
|---|---|
| TRENI ELIASON, a married man,<br><br>             Plaintiff,<br><br>vs.<br><br><br>ALL MY SONS MOVING & STORAGE<br>OF PHOENIX, INC., an Arizona<br>Corporation,<br><br>             Defendant. | No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND: Plaintiff demands<br>a trial by jury.** |

16

Plaintiff, Treni Eliason, hereby alleges as follows:

17

18

1.      Plaintiff, Treni Eliason, was at all times material hereto, a resident of Maricopa County, Arizona.

19

20

2.      Defendant, All My Sons Moving & Storage of Phoenix, Inc. ("All My Sons" or "the Company"), is, and at all times material herein was, an Arizona corporation, authorized to do and doing business throughout Arizona.

21

22

3.      At all times material hereto, Defendant was an "employer" as defined in 29 U.S.C. §203(d).

23

24

4.      The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331. This action arises, *inter alia*, under the Fair Labor Standards Act of 1938, as amended (29

U.S.C. §201 *et seq.*), hereinafter referred to as the "FLSA."   This Court also has supplemental jurisdiction on state law claims pursuant to 28 U.S.C. §1367.  Any and all acts alleged herein arose in Maricopa County, Arizona.

5.      Plaintiff has been employed by the Company from 2014 through the present as a manual labor employee. As a manual laborer, Plaintiff is responsible for providing packing and moving household belongings of customers of the Company as dictated by the Company.  This is a non-exempt position, paid on an hourly rate.

6.      In exchange for his employment services, the Company promised and agreed to pay Plaintiff on an hourly basis and initially set the rate at $11, which after a few months increased to $12; approximately a year later the hourly rate increased to $13; and approximately a year after that and within the last month it increased to $14.

7.      Throughout his employment at the Company, the Company as a matter of consistent practice paid Plaintiff nothing at all for numerous hours he was required to work.  The Company required Plaintiff as part of his job duties each work day to first report to the Company office to prepare the truck and complete required paperwork before driving the Company truck to the client's location.   The Company required that Plaintiff call in once he arrived at the customer's location and only then did the Company consider this "work time" for purposes of compensation. Similarly, after finishing the manual work at the customer's location and completing the requisite paperwork there,  the Company required  Plaintiff to call in,  at which time the Company  took Plaintiff "off the clock" for purposes of compensation despite the fact that Plaintiff was still at the customer's location and was required to drive the Company's moving vehicle back to the Company office, clean up that vehicle and perform other mandatory work tasks including administrative work such as logging out of the computer.  These end of the day unpaid duties often took an additional 60 to 90 minutes.  In combination, the pre- and post-move mandated duties averaged three hours each day, for which the Company failed to pay

Plaintiff even a penny.   Plaintiff owes Defendant either the straight time or the overtime rate for each unpaid hour.

8.     Even for the hours Defendant considered as worked, Defendant failed to pay Plaintiff time and half for hours in excess of forty in a workweek and instead paid only straight time rate.   Plaintiff often worked in excess of 40 hours in a workweek (even ignoring the worktime described in paragraph 7) and thus was underpaid half his hourly rate for each overtime hour Defendant paid him.

9.     Throughout his employment, Plaintiff typically worked in excess of 40 hours a week with Defendant's knowledge, approval and at Defendant's request, and without being paid properly the overtime premium for hours in excess of 40 in a week, but was only paid his straight hourly rate for time Defendant tracked as worked in excess of 40 hours in a week and without payment of the FLSA overtime premium for the hours worked in excess of 40.

10.     Throughout his employment, Plaintiff typically worked 15 hours, or more, a week performing required duties with Defendant's knowledge, approval, and at Defendant's demand, without any compensation at all.

11.     The Company at all times controlled scheduling for Plaintiff.

12.     Plaintiff several times requested that he be paid overtime to which the Company responded that he was not "eligible for overtime" claiming that he was a "part-time employee," and therefore was not subject to overtime laws.

13.     Plaintiff demands a jury trial.


## COUNT ONE
## FAIR LABOR STANDARDS ACT CLAIM FOR UNPAID WAGES AND OVERTIME PAY

14.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 13 above, as though each of said allegations were fully set forth herein.

15.     At all times mentioned herein, the Company employed employees, including Plaintiff, and continues to employ employees in and about their place of business in, among other duties, preparing, transmitting, mailing or receiving reports, letters, correspondence, invoices, telephone calls, emails, and other communications to and from points outside the State of Arizona and in using the facilities and means of commerce, e.g. providing financial services and/or moving goods between states to clients domiciled, residing and/or located outside of the State of Arizona, and in various states in interstate commerce.  Said employees, including Plaintiff, and the Company, by reason of these and other activities, were and are engaged in commerce within the meaning of the FLSA.

16.     During the term of his employment, Plaintiff was classified under the FLSA as non-exempt, and was in fact a non-exempt employee pursuant to the FLSA, performing non-exempt work duties.  Employee routinely worked hours in excess of 40 hours per week.

17.     Throughout the term of Plaintiff's employment, Defendant willfully violated the provisions of Section 7 of the FLSA (29 U.S.C. §207) by failing to pay overtime wages to Plaintiff at one and one-half times the regular rate for hours worked in excess of 40 hours in a work week, instead paying Plaintiff only his hourly rate for the hours the Company treated as worked.  In addition to the overtime hours the Company tracked and paid at Plaintiff's regular hourly rate (straight time), the Company failed to pay Plaintiff any compensation for the average of 15 hours a week Plaintiff was required to work in preparation time which in some low hour weeks may have been at straight time but in most weeks would also have been at the overtime rate, time, time and a half.

18.     By reason of the willful and knowing violations alleged herein, pursuant to 29 U.S.C. §255(a), the Company is liable to Plaintiff for up to three (3) years of unpaid overtime compensation and also for unpaid straight time for hours worked but not paid.

19.     In accordance with the FLSA, Plaintiff is entitled to unpaid straight time and overtime wages in an amount in excess of $5,000, according to proof.

20.     By reason of the willful violations alleged herein, pursuant to Section 16(c) of the FLSA (29 U.S.C. §216 (c)), the Company  has also become liable to Plaintiff for liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation found by the Court.

21.     In accordance with the FLSA, Plaintiff is also entitled to recover his attorneys' fees and costs.

### COUNT TWO
### UNPAID WAGES, A.R.S. 23-353

22.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 21 above, as though each of said allegations were fully set forth herein.

23.     At all relevant times, Plaintiff was an employee performing services under the Arizona Wage Act, A.R.S. §23-350, *et seq.*

24.     At all relevant times, Defendant was an employer employing Plaintiff under the Arizona Wage Act, A.R.S. §23-350, *et seq.*

25.     Plaintiff's earned overtime and all hours he worked without any compensation qualify as wages under the Arizona Wage Act, A.R.S. §23-350, *et seq.*

26.     Defendant violated A.R.S. §§23-352 and 23-353 by failing to timely pay Plaintiff his earned overtime pay, and by failing to pay him any compensation for all hours worked, including waiting time, driving time to and from customers locations and performing other administrative tasks as set forth above.

27.     Plaintiff is entitled to treble damages under A.R.S. §23-355 in an amount in excess of $10,000.00, according to proof.

28.     Plaintiff is entitled to recover his attorneys' fees and costs incurred herein pursuant to statute as this action arises out of contract.  A.R.S. §23-341.01.

## COUNT THREE
## <u>BREACH OF CONTRACT</u>

29.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 28 above, as though each of said allegations were fully set forth herein.

30.     In exchange for his employment services, the Company promised to pay and Plaintiff agreed to accept his hourly rate for all employment services he performed and all hours he worked.

31.     Throughout his employment Plaintiff worked substantial hours each work week for which the Company failed to provide any compensation in breach of its agreement.

32.     As a result of the Company's breach of said agreement, Plaintiff has been damaged in an amount to be proven at trial.

33.     As this action arises out of contract, Plaintiff is entitled to recover his attorney's fees and costs incurred herein pursuant to statute.

## COUNT FOUR
## <u>BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>

34.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 above as though each of said allegations were fully set forth herein.

35.     The Parties' employment agreement includes an implied duty of good faith and fair dealing.

36.     Defendant breached its duty of good faith and fair dealing under the employment agreement by refusing to pay Plaintiff his earned wages for all hours he worked.

37.     Defendant breached its duty of good faith and fair dealing under the employment agreement by intentionally failing to compensate Plaintiff as agreed.

38.     Defendant's conduct described above was wanton, reckless and/or shows spite or ill will and therefore justifies an award of punitive damages against Defendant.

39.     As a result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff has suffered damages in an amount to be proven at trial.

40.     Plaintiff is entitled to recover his attorneys' fees and costs incurred herein pursuant to A.R.S. §12-341.01.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment for Plaintiff, Treni Eliason, against Defendant, All My Sons Moving & Storage of Phoenix, Inc., as follows:

A.     That this Court enter judgment against Defendant and award Plaintiff liquidated damages under the FLSA, as follows:  (1) back pay at Plaintiff's straight time hourly rate for hours worked but not paid if the additional hours do not result in worked hours in a week exceeding forty; (2) back pay at time and half at Plaintiff's straight time hourly rate for hours worked  but not paid if the additional hours result in worked hours in a week exceeding forty; (3) back pay at  one-half Plaintiff's regular hourly rate for hours worked over forty in a week and for which Defendant already has paid Plaintiff's straight time;

B.     That this Court award Plaintiff liquidated damages (double damages) under the FLSA for damages awarded in paragraph A above;

C.     That this Court award Plaintiff treble damages under A.R.S. 23-355 based on the judgment as set forth in paragraph A above;

D.      That this Court award Plaintiff damages for all hours worked over the course of his employment for which he was not compensated at all in breach of  his employment agreement at his regular hourly rate;

E.      That this Court award Plaintiff his court costs, related expenses and reasonable attorneys' fees herein incurred, pursuant to the FLSA, and Arizona statute;

F.      That this Court award pre-judgment and post-judgment interest on the amounts set forth in paragraphs A, B and C above, at the highest rate permitted by law;

G.      That this Court award punitive damages in an amount to deter Defendant from engaging in this conduct again; and

H.      That this Court grant such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 5th day of September, 2016.

**FAULKNER LAW OFFICES, PLLC**

By:  /s/ Elizabeth Faulkner
       Elizabeth A. Faulkner
       Shirley A. Kaufman
       *Attorneys for Plaintiff*